UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:17CR7-PPS |
| v. ) | and |
| ) | NO. 2:19CR76-PPS |
| JUVAN J. BROWN, ) | |
| ) | |
| Defendant. ) | |

**<u>OPINION AND ORDER</u>**

In a consolidated sentencing on November 15, 2019, Juvan Brown was sentenced to an aggregate prison term of 108 months on charges of heroin distribution and possession with intent to distribute both crack and heroin. Communicating with the court from FCI Beckley, a federal prison in Beaver, West Virginia, Brown has filed two motions requesting two different types of relief. First, Brown seeks a reduction of his sentence based on a new retroactive amendment to the U.S. Sentencing Guidelines. Second, Brown asks me to "waive" a prior juvenile conviction that he says is preventing him from receiving First Step Act credits toward his release date. Treating these one at a time, I'll explain why I am unable to grant Brown any relief.

Part A of Amendment 821 to the Guidelines can retroactively reduce a defendant's criminal history score if he previously received "status points," that is, points assessed because he was under another criminal justice sentence at the time he committed an offense for which he was being sentenced. That was the case for Brown, who was assessed 2 additional criminal history points under §4A1.1(d) of the

Guidelines for committing the instant offense while under a probationary sentence for a previous battery conviction. [DE 41 at ¶¶57, 53.]  The impact of Part A of Amendment 821 in Brown's case would be to decrease his criminal history points by one, because he had more than six criminal history points.

Unfortunately for Brown, he had so many criminal history points that a reduction by one does not change his criminal history category, and so does not impact the sentencing range recommended by the Guidelines.  Even without the two "status points," Brown had a criminal history score of 19.  Criminal history category VI applies to criminal history scores of 13 or more.  So Brown's Guidelines computation remains unchanged, and he is not eligible for a reduction of sentence based on Amendment 821.

The second issue Brown raises relates to his 1993 juvenile conviction for battery, on facts that involved the sexual touching of a female at Bloom Trail High School.  [DE 41 at ¶41.]  Apparently Brown understands that this conviction on his record results in a Bureau of Prisons classification as a sexually dangerous person.  [DE 62 at 1; DE 63 at 1.]  Brown explains the impact this way: "Because of this Walsh[1] conviction from 31 yrs. ago I'm receiving 2 points which is preventing me from having a Low recidivism, which is also preventing me from applying the 365 days of FSA credits I earned towards my release date."  [DE 63 at 1; DE 62 at 1.]  Brown complains of the BOP's refusal to refer the matter to the Designation and Sentencing Computation Center for further

---

[1] The Adam Walsh Child Protection and Safety Act of 2006 (Public Law 109-248) includes a provision, codified in 18 U.S.C. § 4248 (section 4248), authorizing the Director of the Bureau of Prisons (Bureau) to certify individuals for civil commitment as sexually dangerous persons.

consideration, and asks me to "waive" the old battery conviction. [DE 62 at 2; DE 63 at 1.]

Brown cites no authority, and I am aware of none, that would empower me to "waive" his prior conviction or direct the BOP in the application of its own policies. The Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment; the sentencing court has no such authority. *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992). A federal inmate may challenge the application of potential sentence credits in the calculation of his sentence in a habeas corpus petition filed pursuant to 28 U.S.C. §2241. *Setser v. United States*, 566 U.S. 231, 244 (2012). But a "habeas petition must be filed in the district where the prisoner is confined." *Sanders v. M. Joseph*, 72 F.4th 822, 823 n.1 (7th Cir. 2023), citing 18 U.S.C. §§2242, 2243. In Brown's case, that would be the Southern District of West Virginia. I am unable to grant Brown any assistance with the matter of his FSA credits.

ACCORDINGLY:

Defendant Juvan J. Brown's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) and SOPSF Waiver [DE 62] and Motion for a Review and Waiver of Walsh Conviction [DE 63] are DENIED.

SO ORDERED.

ENTERED:  November 29, 2023.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE